# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 15-252V**
**Filed: June 2, 2017**
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
JOSEPH WILLETT, *
*
Petitioner, *
*
v. * Attorneys' Fees and Costs;
* Special Processing Unit ("SPU")
SECRETARY OF HEALTH *
AND HUMAN SERVICES, *
*
Respondent. *
*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Mark T. Sadaka, Attorney at Law, Englewood, NJ, for petitioner.*
*Michael P. Milmoe, U.S. Department of Justice, Washington, DC, for respondent.*

**DECISION ON ATTORNEYS' FEES AND COSTS**[1]

**Dorsey**, Chief Special Master:

On March 11, 2015, Joseph Willett ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*, (the "Vaccine Act").[2] The petition alleged that as a result of a hepatitis B vaccination on June 8, 2012, petitioner suffered "brachial neuritis and shoulder pain." Pet. at 2. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On October 6, 2015, the undersigned issued a ruling on entitlement finding petitioner entitled to compensation for a shoulder injury related to vaccine administration ("SIRVA"). Ruling on Entitlement, issued Oct. 6, 2015 (ECF No. 29). On August 22, 2016, the undersigned issued a decision based on the respondent's proffer, awarding petitioner $60,000.00. Decision, issued Aug. 22, 2016 (ECF No. 54). On January 20,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

2017, petitioner filed a motion for attorneys' fees and costs, along with two exhibits in support of his motion. *See* Petitioner's Motion for Attorneys' Fees and Costs ("Motion"), filed Jan. 20. 2017 (ECF No 58). Petitioner requests $33,077.35 in attorneys' fees and $740.39 in costs, for a total amount of $33,817.74. *Id.* at 1; Exhibit A (ECF No. 58-1); Exhibit B (ECF No. 58-2). In compliance with General Order #9, petitioner filed a signed statement indicating he incurred no out-of-pocket expenses. (ECF No. 59).

## I. Relevant Procedural History

Petitioner requests an award of $33,077.35 in attorneys' fees (including fees for two associate attorneys, seven paralegals, a "non-attorney advocate," and two persons with unstated job titles) and $740.39 in costs. The motion included time and expense sheets, as well as a supporting statement ("certification") from petitioner's counsel, Mark T. Sadaka, providing background information on himself and some members of his staff. *See* Motion at 1-5; Exhibits A and B.

Respondent filed a response on February 6, 2017. *See* Respondent's Response ("Resp't's Resp."), filed Feb. 6, 2017 (ECF No. 60). Respondent defers to the undersigned to determine a reasonable amount of fees and costs. *Id.* at 3.

Petitioner filed a reply on February 7, 2017, urging the undersigned to "grant Petitioner's request for $39,817.34 in attorney's fees and costs."[3] Petitioner's Reply ("Pet'r's Reply"), filed Feb. 7, 2017 (ECF No. 61) at 1.

After reviewing petitioner's motion and supporting documentation, and giving full consideration to the arguments set forth in the parties' briefs, the undersigned is ready to decide this matter.

## II. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). Petitioner in this case was awarded compensation; he is therefore entitled to an award of reasonable attorneys' fees and costs.[4]

### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a

---

[3] The undersigned assumes petitioner meant $33,817.34, as no additional billing records were submitted to support a $6,000 increase.

[4] In addition, § 300aa–15(e)(3) states that "[n]o attorney may charge any fee for services in connection with a petition filed under section 300aa–11 of this title which is in addition to any amount awarded as compensation by the special master or court under paragraph (1)." This would include any amounts requested by counsel that the undersigned finds non-compensable.

court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cl. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).

An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. *Bell v. Sec'y of Health & Human Servs.*, 18 Cl. Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06–559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009). Petitioners bear the burden of documenting the fees and costs claimed. *Rodriguez*, 2009 WL 2568468, at *8. Block billing, or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored. *See, e.g.*, *Broekelschen v. Sec'y of Health & Human Servs.*, No. 07-137V, 2008 WL 5456319, at *4-5 (Fed. Cl. Spec. Mstr. Dec. 17, 2008).

In determining a reasonable number of hours expended, a line-by-line evaluation of the fee application is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl.Ct. 482, 484, *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests .... [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

i. Reasonable Hourly Rates

Petitioner requests compensation for Mr. Sadaka at a rate of $337.05 per hour for time billed in 2013; $350 per hour for 2014 and 2015; and $362.95 per hour for 2016. Exhibit A at 22. These rates have been evaluated and awarded to Mr. Sadaka in other Vaccine Act cases. *See, e.g.*, *Siciliano v. Sec'y of Health & Human Servs.*, 2017 WL 1174449 (Fed. Cl. Spec. Mstr. Feb. 21, 2017). The requested rates are awarded herein.

Petitioner also requests compensation for Anna C. Sweeney and Andrew Pinon, associate attorneys in Mr. Sadaka's firm. The rates requested for Ms. Sweeney are $192.60 per hour for time billed in 2013; and $200 per hour for 2014 and 2015. The requested rates for Mr. Pinon are $200 per hour for 2015; and $207.40 per hour for 2016. Exhibit A at 22. Ms. Sweeney and Mr. Pinon have been awarded these rates previously. *See, e.g.*, *Siciliano*, 2017 WL 1174449, at *2. The requested rates are awarded herein.

Finally, petitioner requests compensation for numerous non-attorney members of Mr. Sadaka's firm, including seven paralegals, a non-attorney advocate, and two other persons with unstated job titles or credentials. Exhibit A at 22. The rates requested for five of the paralegals were awarded previously in *Siciliano*, and the undersigned awards them herein.[5] The rates requested for the two remaining paralegals are adjusted to align with the rates awarded them in *Siciliano*.[6] The rate requested for the non-attorney advocate was awarded in *Siciliano* and the undersigned will follow here. Finally, for the two individuals with unstated job titles or credentials, the undersigned reduces the requested rates to $125 per hour, which is the base rate for paralegals.[7]

ii. Reduction of Billable Hours

1. Excessive and Duplicative Billing

The undersigned has previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). The undersigned and other special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. *See Sabella*, 86 Fed. Cl. at 209. The undersigned similarly reduces the fee request in this case, finding many billing entries excessive and duplicative.

Petitioner's counsel billed nearly 80 hours (and approximately $10,000) of paralegal time for work related to requesting, receiving, and reviewing medical records.

---

[5] These paralegals are Bria Wilson, Kari L. Congiusti, Latashia Vauss, Nashwa Shalaby, and Stephanie Keller. *See Siciliano*, 2017 WL 1174449, at *2-3.

[6] The rates for Ailona Parker and Nicole R. Clauberg are adjusted as follows: Ms. Parker's rate is reduced from $140 to $135 for 2016 (Special Master Gowen awarded $134.81, but the undersigned rounds to the nearest dollar); Ms. Clauberg's rate is reduced from $135 to $130 for 2014 and 2015, and from $140 to $135 for 2016. *See Siciliano*, 2017 WL 1174449, at *2-3.

[7] Crystal Abisdid is billed at a rate of $135 per hour, and Helen Levesque is billed at $140 per hour. Exhibit A at 22. Stephanie Keller is a third person of unknown title and background; however, since she is identified in the *Siciliano* decision as a paralegal, the undersigned will recognize her as such and award to her the rates she received in that decision. *See Siciliano*, 2017 WL 1174449, at *2-3.

*See* Exhibit A at 1-21.[8] The undersigned finds this an excessive amount of time for the approximately 300 pages of records filed in this relatively uncomplicated case.

2. Administrative Time

It is firmly rooted that billing for clerical and other secretarial work is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl.Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services … should be considered as normal overhead office costs included within the attorneys' fees rates"); *Mostovoy v. Sec'y of Health & Human Servs.*, 2016 WL 720969, *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).

Petitioner's counsel's billing records contain multiple entries that are best characterized as administrative time. For instance, at least 5.2 hours of time were billed solely to "Update schedule," "Update file," or both. *See* Exhibit A at 1-21.[9] Additionally, paralegals billed 0.5 hours for speaking with the "law clerk" to confirm deadlines and to schedule a status conference. *Id.* And more than 30 entries charge for document filing.[10] *Id*. These types of entries are clerical in nature and are not billable time.

3. Vague Entries

The undersigned has previously decreased an award of attorneys' fees for vagueness. *Mostovoy*, 2016 WL 720969; *Barry v. Sec'y of Health and Human Servs.*, 12-39V, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reduced a fee award

[8] Based on the undersigned's review and calculations, Keri Congiusti billed 35.8 hours related to medical records (*e.g.*, "Receipt/review of medical records; update file"; "Draft/revise correspondence to medical provider; update file"; "Review of medical records; draft/revise chronology"); Nicole Clauberg billed 17.1 hours (*e.g.*, "Draft/revise medical record request(s); prepare authorization; update file"; Review of medical records; draft/revise chronology"; "Updating medical providers"); Stephanie Keller billed 8.3 hours (*e.g.*, "Receipt/review of correspondence from medical provider; update file"; "Receipt/review of medical records; update file"); Bria Wilson billed 1.9 hours (*e.g.*, "Spoke with medical provider; update file"; "Draft/revise correspondence to medical provider; update file"); Crystal Abisdid billed 9.5 hours (*e.g.*, "Spoke with medical providers; draft notes to file; update file"; "Research medical providers. Spoke with medical providers; draft notes to file; update file"; "Draft/revise medical record request(s); prepare authorization; update file"); Latashia Vauss billed 4.3 hours (*e.g.*, "Receipt/review of medical correspondence; update file"; "Review of file re: medical providers and records"; "Receipt/review of medical records; update file"); Ailona Parker billed 1.2 hours (*e.g.*, "Receipt/review of medical records; update file"; "Receipt/review of medical record correspondence; update file"; "Spoke with medical provider re: status of record request; update file). Total of hours: 78.1 x $130 (lowest rate charged by Mr. Sadaka for paralegal work) = $10,153.

[9] Keri Congiusti billed 1.0 hour to "Update file" and "Update schedule," generating $134.50 in fees; Nicole Clauberg billed 1.6 hours to "Update schedule," generating $217.50 in fees; Stephanie Keller billed 0.6 hours to "Update schedule," generating $82 in fees; Bria Wilson billed 0.1 hours to "Update schedule," generating $14 in fees; Crystal Abisdid billed 0.2 hours to "Update schedule," generating $27 in fees; Latashia Vauss billed 0.8 hours to "Update schedule" and "Update file; update schedule," generating $111.50 in fees; Ailona Parker billed 0.7 hours to "Update schedule," generating $98 in fees; Mark Sadaka billed 0.2 hours to "Update schedule," generating $70 in fees. Total charge $754.50.

[10] This is termed "serving" in the billing records (e.g., "Serve status report"; "Serve Motion"; "Serve Election to Accept Judgment").

by 10 percent due to vague billing entries). An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. *Bell v. Sec'y of Health & Human Servs.*, 18 Cl.Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.*, 2009 WL 2568468 (Fed. Cl. Spec. Mast. June 27, 2009). Petitioners bear the burden of documenting the fees and costs claimed. *Id.* at *8.

The undersigned finds the number of vague billing entries in this case particularly troubling. As an example, at least 8 hours of attorney and paralegal time were billed over 25 separate entries to perform case review and draft/revise directives. This activity generated more than $1,500 in fees. *See* Exhibit A at 1-21.[11] Counsel's descriptions are insufficient for the undersigned to effectively evaluate the amount of time spent and the work being performed.

For all of these reasons, the undersigned reduces petitioner's entire fee award by 20 percent. *See Ericzon*, 2016 WL 447770 (reducing fee award by 10 percent); *Barry*, 2016 WL 6835542 (reducing fee award by 10 percent); *Raymo*, 2016 WL 7212323 (reducing fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016); *see also Wasson*, 24 Cl.Ct. at 484 (a line-by-line evaluation is not required in determining a reasonable number of hours expended), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). **This adjustment results in a reduction of $6,615.47.**

b. Costs

Petitioner requests reimbursement for attorney costs in the amount of $740.39. The undersigned finds no cause to reduce petitioner's request and awards the full amount sought.

## III. Conclusion

The undersigned awards petitioner the following for attorneys' fees and costs:

| | |
|---|---|
| Requested attorneys' fees: | $33,077.35 |
| Reductions | - 6,615.47 |
| **Adjusted Fees Total:** | **$26,461.88** |
| Requested attorneys' costs: | $740.39 |
| Reductions | - 0.00 |
| **Adjusted Costs Total:** | **+ $740.39** |
| **Total Attorneys' Fees and Costs Awarded:** | **$27,202.27** |

[11] Nearly all of the entries cryptically state: "Perform case review; draft/revise directives; update file."

**Accordingly, the undersigned awards a total of $27,202.27,[12] representing reimbursement for all attorneys' fees and costs, in the form of a check jointly payable to petitioner and petitioner's counsel, Mark T. Sadaka.**

The clerk of the court is directed to enter judgment in accordance with this decision.[13]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

[12] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[13] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.